**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

EDWARD D. SCHULER                                                                    PLAINTIFF
ADC #140938

v.                                               2:20-cv-00192-LPR-JJV

VALERIE WESTBROOK, *et al.*

                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

 The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection. If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection. Your objections must be received in the office of the United States District Court Clerk

no later than fourteen days from the date of the findings and recommendations. Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I. **BACKGROUND**

 Edward D. Schuler ("Plaintiff"), an inmate at the East Arkansas Regional Unit ("EARU")

of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. §

1983. (Doc. 2.) Plaintiff sued multiple ADC employees, as well as multiple medical care providers

at the EARU who Plaintiff identified as Wellpath employees; he sued all Defendants in their

personal and official capacities. (*Id*. at 2-13.) Plaintiff alleges deliberate indifference to his serious

medical needs. (*Id*.) More specifically, he alleges he suffers from a respiratory illness and claims

his job in the kitchen, where the humidity is high, worsens his condition.

Only Plaintiff's claims against Defendants Classification Officer Valerie Westbrook, Kitchen Supervisor Erma Bell, Kitchen Supervisor Lisa Montague, and Does, who are unknown Wellpath employees, remain pending.[1]  As a preliminary matter, any claims against the Doe defendants should be dismissed without prejudice.[2]

Defendants Westbrook, Bell, and Montague (collectively, "Defendants") have now filed a Motion for Summary Judgment.  (Docs. 108-110.)  Plaintiff has not responded, and the time for doing so has passed.  Plaintiff also has filed a Motion for Summary Judgment.  (Docs. 104-107.) Defendants have responded (Docs. 111-113).  This matter is ripe for a decision.  For the reasons set out below, I recommend Defendants' Motion be granted, and Plaintiff's Motion be denied.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

---

[1] Plaintiff's claims against Defendants Gaylon Lay, Tracy Bennett, Wellpath Inc. LLC, Terry Moody, Antwon Emsweller, Gregory Rechcigl, Gary Kerstein, Nurse Jackson, and Meredith Turner have been dismissed without prejudice.  (Docs. 49, 59.)

[2] By Order (Doc. 6) of October 2, 2020, Plaintiff was directed to identify and serve the Doe defendants within 90 days. See Fed. R. Civ. P. 4(m). The time for service on the Doe defendants has passed, and the Doe defendants have not been identified or served with process. Furthermore, on November 23, 2020, Plaintiff did not include any Doe defendants in the Amended Complaint. (Docs. 49, 65.)

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    DISCUSSION

I recommend Defendants' Motion be granted, and Plaintiff's Motion denied, for the reasons set out below.

### A.    Facts

According to Plaintiff's Amended Complaint, he was diagnosed with severe asthma when he was seven and with Chronic Obstruction Pulmonary Disease (C.O.P.D.) when he was 34. (Doc. 65 at 4.) Plaintiff claims steam, heat, and high humidity aggravate his respiratory diseases. (*Id*.)

Plaintiff arrived at the EARU on November 6, 2019. (Doc. 35-1 at 11.) On November 11, 2019, Plaintiff went before the EARU classification committee and Defendant Westbrook, a Classification Review Officer for the EARU, assigned Plaintiff to the kitchen despite his protest. (Docs. 34-5 at ¶ 1, 65 at 5.)

Defendant Bell, the Food Service Manager for the EARU, is responsible for the work

schedule of inmates who work in the kitchen.  (Doc. 34-4 at ¶ 1.)  Defendant Montague is a Food Preparation Supervisor at the EARU.  (*Id*.)

Plaintiff's duties while working in the kitchen were to wipe dining hall tables, sweep and mop the dining hall, and clean the food prep tables and sinks in the kitchen. (Doc. 34-4 at ¶ ¶ 2, 3.)   Plaintiff was never assigned to cook, wash dishes, or serve food while he worked in the kitchen. (*Id*. at ¶ 3.)

On November 13, 2019, Plaintiff was seen by a non-party APN who restricted Plaintiff from duty, yard call, and sports activities for 10 days.  (Doc. 34-1 at ¶ 3.)  Plaintiff was not required to work against those restrictions.  (Doc. 34-5 at ¶ 3.)  The APN also emailed "Ms. Valerie Westbrook about the possibility of permanently removing [Plaintiff] from the kitchen and assigning him elsewhere."  (Docs. 34-2, 34-5 at ¶ 3.)  The APN, however, did *not* issue a medical restriction prohibiting an assignment that required exposure to heat, steam, or humidity.  (Doc. 34-5 at ¶ 2.)  The Assistant Medical Services Manager for the ADC confirms Plaintiff has never had a medical restriction against working in the kitchen or working around heat, steam, or humidity. (Doc. 34-1 at ¶ 3.)

Plaintiff maintains that despite his condition being so obvious a layperson would understand he had a serious medical need, Defendants failed to remove him from kitchen duty. Plaintiff sues Defendants in their personal and official capacities seeking damages and asks to be removed from kitchen duty, among other relief.  (Doc. 65 at 10.)

### B.    Official Capacity Claims

Plaintiff's § 1983 claims against Defendants in their official capacities are the equivalent of claims against the State of Arkansas.  Plaintiff's official capacity damages claims are barred by Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, Plaintiff's official capacity damages claims fail.

### C.    Injunctive Relief

Plaintiff asked to be removed from kitchen duty. On January 27, 2021, Plaintiff's job assignment changed. (Doc. 110 at ¶ 20.) Plaintiff has not worked in the kitchen since that time. (*Id*. at ¶¶ 20-21.) As such, Plaintiff's request for injunctive relief is moot. *See Martin v. Sergeant*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief . . . is moot if he or she is no longer subject to [the] conditions.")

### D.    Personal Capacity Claims

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. The prohibition on cruel and unusual punishment gives rise to the government's duty to provide medical care to prisoners. "The government has an obligation to provide medical care for those whom it is punishing by incarceration." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Schuab v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual

knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009).

Defendants believe they are entitled to qualified immunity. (Doc. 109 at 4.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Id*.

Plaintiff alleges his condition was so serious that a layperson would understand he had

serious medical needs that prevented him from working in the kitchen. The evidence demonstrates that Plaintiff was regularly seeing medical providers for his medical needs while working in the kitchen, and medical providers determined a restriction from kitchen duty was not necessary.[3] (Doc. 35-1.) Defendants were not medical professionals. As such, they were justified in relying on the medical restrictions given by medical professionals. *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011) (prison officials that lacked medical expertise are entitled to rely upon the opinions of medical staff). Plaintiff's argument focuses on the email from the APN to Defendant Westbrook. (Doc. 105.) But the email in question does not rise to the level of a medical restriction. And Plaintiff has not come forward with any evidence to establish medical restrictions were in place that prevented him from performing the kitchen duties he was assigned. Defendants were justified in relying on the medical restrictions—or lack thereof—given by medical professionals. For these reasons, I conclude there is no evidence from which a jury could find that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Accordingly, I conclude Defendants are entitled to qualified immunity based on the first prong of the analysis. Further, if there was a constitutional violation, I am not aware of a sufficiently similar case that would clearly establish Plaintiff's rights as he asserts them in this case. Thus, Defendants would also be entitled to qualified immunity based on the second prong.

IV.    **CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Motion for Summary Judgment (Doc. 104) be DENIED.

---

[3] On February 27, 2020, Dr. Kerstein (no longer a named Defendant) found "there is no clinical indication for restriction from kitchen and request denied." (Doc. 35-1 at 25.) On March 8, 2020, APN Moody (no longer a named Defendant) could "not justify a reason for [Plaintiff] to have specific job restrictions such as kitchen." (*Id*. at 27.)

2.      Defendants' Motion for Summary Judgment (Doc. 108) be GRANTED.

3.      Plaintiff's claims against Defendants Westbrook, Bell, and Montague be DISMISSED with prejudice.

4.      Plaintiff's claims against Doe Defendants be DISMISSED without prejudice.

5.      This case be CLOSED.

6.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of October 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE